[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE CASE
The plaintiff, a licensed real estate broker, brought this action to collect a commission and foreclose a broker's lien, filed pursuant to § 20-325a of the Connecticut General Statutes. Prior to trial, the parties agreed on the record to bifurcate the issues so that the court is being asked here to determine whether the defendant has breached the contract with the plaintiff, and if so, the appropriate damages.
The parties also entered into a Stipulation of Facts, dated June 26, 2002, and marked as Exhibit A.
The brokerage contract involves real property owned by the defendant and known as 119 Commerce Street in East Haven. The plaintiff having procured a tenant for the property for the period October 1995 — 2000, the defendant paid the plaintiff a commission pursuant to the contract.
This dispute arose when, after the above described tenancy expired, the plaintiff negotiated a renewal. Renewals are covered by the contract in Article 8:
 8. RENEWALS: You will also pay us commissions, at the time of exercise by the Tenant, on any renewals, extensions, enlargements, exercise of options, or leases for the same or other properties owned by you at the commission rates set forth in Article #7 herein.
The defendant takes the rather novel position that he does not dispute the plaintiffs claim, but that "there was to be no lump sum payment in advance in full." (See page 6, defendant's brief). He claims he is entitled to pay it as the tenant pays his rent, in monthly installments. CT Page 11302
 DISCUSSION I
The defendant was permitted to introduce into evidence his Exhibits 1 and 2. The court permitted them to come in on the liberal finding that they comprised part of the defendant's general denial that he was obligated to pay the full commission.
These two exhibits relate to and refer to the earlier commission earned by the plaintiff for the 1995 — 2000 term. In Exhibit 1, the plaintiff indicates agreement between the parties that the total commission may be paid in two installments. There is no reference to a payment over the term of the lease and it obviously refers only to that particular transaction.
There is nothing in these exhibits to suggest they were intended to modify the prior existing agreement between the parties.
Nor is there anything in the payment of the commission by the defendant to indicate a modification was contemplated, let alone accomplished.
And, even if one were to adopt the defendant's novel suggestion, the original commission was not paid over the course of five years as he is claiming he can do now.
Finally, it must be noted that language in Exhibit 2 specifically reiterates the plaintiffs position that the payment obligation remained the same. The paragraph headed "Exercise of Purchase Option" addresses commissions. Should the tenant purchase the property, the defendant would receive a credit on the sale commission of the amount the plaintiff-broker has already been paid.
This "modification" theory must be rejected.
 II
The defendant's brief also attempts to weave into the agreement and Exhibits 1 and 2 an ambiguity. This ambiguity would then be construed against the plaintiff since he drafted the agreement and the two exhibits.
While the defendant cites numerous cases involving contract law, his reliance on those cases is misplaced since there is no logical basis to support the finding of ambiguity. CT Page 11303
Section 8 of the agreement, "Renewals," is clear in itself. Exhibits 1 and 2 do not even address the issue, let alone change it. The parties did not act consistently with the "ambiguity."
The court finds no ambiguity and rejects that claim.
 III
In view of the foregoing, the defendant's special defenses are denied and judgment may enter for the plaintiff on the defendant's counterclaim.
 IV
The court concludes that the defendant has wrongfully refused to pay the plaintiff the commissions due him. Further, he has not demonstrated a good faith basis to support his refusal. In fact, the court is appalled at the lengths to which the defense has gone to avoid payment and raise legal impediments. The brokerage agreement permits the recovery of legal fees and costs.
It is therefore the conclusion of the court that judgment should enter for the plaintiff and that he should recover his reasonable counsel fees. The court will accept the plaintiffs amortized schedule computing the interest as it gives the defendant the better benefit of the payments made.
In awarding the counsel fees, the court notes that the vigorous, though misguided, defense caused them to be as high as they are.
Judgment may enter for the plaintiff as follows:
 Balance Due on Commission $15,990.00 Interest 3,684.58 Attorney's fees and costs 21,952.18 ---------- $41,626.76
The plaintiff is also entitled to his taxable costs, excluding any such costs included in Exhibit B.
 ___________________ Anthony V. DeMayo Judge Trial Referee
CT Page 11304
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 11305